*Court of Common Pleas, Dauphin County, May* 13*th,* 1857.

### ZIMMERMAN *v.* NEUER.

Where a judgment is given by a principal to his sureties to indemnify them against loss, the debt paid in full by one of them, and the judgment marked to his use, if he fails to make his money by issuing execution upon it, he is entitled to contribution from his co-surety.

BY THE COURT.—This suit was brought for money laid out and expended. The evidence shows that the plaintiff and defendant were sureties for H. W. Regan in two promissory notes, and received for their indemnity a judgment in their favor, confessed by Regan, for $350. Zimmerman paid the two notes to the banks, after protest, and issued an execution, No. 3, November Term, 1855, which was levied on the property of Regan; it was advertised for sale, and proceedings stayed by Mr. Jordan, who signed the stay as counsel for the plaintiffs. An *alias fi. fa.,* No. 5, January Term, 1856, issued, which was levied on the same effects, and a stay ordered by Mr. Neuer. Mr. Zimmerman then presented his petition to the court, stating that he had been obliged to pay the whole debt of Regan, and thereby Neuer was entirely relieved therefrom and had no interest in the judgment, and asking that the same should be marked for his (Zimmerman's) use, and the stay ordered by Neuer stricken off. This prayer was granted December 28th, 1855, and it was ordered by the court that the judgment should be so marked, and that Zimmerman should have the entire control over it, and the stay ordered by Neuer disregarded. A sale of Regan's property was then made by the sheriff, and the sum of $50.34 realized after paying the costs. This is all that can be collected now from Regan; and the present action is brought to compel Neuer to contribute his portion of the debt paid by Zimmerman, one of the sureties. Neuer contends that taking control of the judgment and claiming it as his own, bars Zimmerman from recovering any portion of the money paid for Regan. If Neuer could show that by proper management of the judgment the whole debt could have been made out of Regan's property, it would be a valid defence; but nothing of that kind is pretended. It is not alleged that the proceeding was mismanaged, nor is it averred that anything more, at this time, can be obtained. Therefore we are at a loss to understand on what principle, legal or equitable, Neuer can escape from contributing his portion of the loss. The petition, when presented, was literally true. Zimmerman had paid the whole debt, and Neuer had no interest in the judgment of indemnity, had no right to interfere with the process till his co-surety was repaid his expenditure. On the latter paying the former one half of his loss, the judgment will belong in equal portions to each.

[Finney v. Reed, Guardian of Finney et al.]

Until that is done it belongs to **Zimmerman**.   Equity would not permit either to use it except for indemnity, and it should then be controlled by the party indemnified.   So using it will not bar the one out of pocket, or prevent his recovery from his co-surety. No doubt a party may waive his right to receive contribution; but it must be done by clear and unequivocal words or acts, or arise from necessary implication.   Nothing has been said or done in this case to waive it, and the right still remains in full force. Mr. Zimmerman is entitled to recover one half the money paid on the notes of Regan, with interest from the time of payment, deducting therefrom the sum realized by the sheriff's sale.   Therefore we enter judgment in favor of the plaintiff on the conceded facts for the sum of one hundred and seventy-two dollars twenty-one cents ($172.21).